LABARBERA, APPELLANT, *v.* BATSCH, APPELLEE.

(No. 26035—Decided May 16, 1962.)

*Messrs. Schweid & Rini,* for appellant.
*Messrs. Hermann, Rhoa & Cummins,* for appellee.

SKEEL, J. The proceeding here presented is a motion of the appellee to dismiss this appeal. The action, as originally filed in the trial court, was founded on a claim for personal injuries and property damage alleged to have been the direct and proximate result of acts of negligence on the part of the defendant in the operation of a motor vehicle. After the plaintiff's petition was filed, summons issued and service had, as

shown by the transcript, the defendant filed a "motion to strike the petition from the file and for summary judgment." The basis for this motion was that the action was not "commenced within the time limited by statute * * *." These motions were overruled by the trial court on October 20, 1961. Thereafter, the defendant filed a motion to dismiss "the within action for the reason that said action was not brought within two years after the cause thereof arose * * *." Both parties filed briefs in support of their contentions. The facts relied upon appeared on the face of the record. On March 5, 1962, the court made the following entry, which was signed and filed with the clerk for journalization:

"On motion of William C. Batsch, defendant, and the court finding that this action was not brought within two years after the cause thereof arose, the motion of the defendant to dismiss this action is hereby sustained and it is ordered that this action be and it is hereby dismissed at plaintiff's costs for which judgment is rendered."

On March 12, 1962, well within the time for filing a motion for new trial, the plaintiff filed with the trial court what he styled a "motion for rehearing" seeking such action on three grounds: First, because the court had already passed on the same question by its order of October 20, 1961, so that under the doctrine of "res judicata" the question of the statute of limitations could not again be litigated; second, that plaintiff complied with the statute of limitations; and third, that plaintiff acted diligently in obtaining service.

On April 5, 1962, the court, after briefs had been filed by the parties, made the following entry which was journalized as of that date:

"Plaintiff's motion for oral rehearing denied. Previous ruling of the court adhered to."

The notice of appeal was filed with the trial court on April 18, 1962. It is the claim of the defendant, appellee herein, that the only appealable order upon the record, as thus set out, was the judgment entry of March 5, 1962, and that a "motion for rehearing" of the decision and judgment of the court, entered on a motion for judgment, does not toll the time for filing a notice of appeal under the provisions of Section 2505.07, Revised Code. This section, after setting forth the provisions that a notice of

appeal shall be filed within twenty days of the final order or judgment from which the appeal is taken in a court of record, in part, provides:

"When a motion for new trial * * * is filed by either party within the time provided * * * then the time for perfecting the appeal does not begin to run, and an appeal shall not be taken until the entry of the order overruling or sustaining * * * the motion for a new trial * * *."

The only question presented, therefore, is whether the motion of the plaintiff, filed March 12th and styled "motion for rehearing," was or should have been considered by the trial court as a motion for a new trial. The question of whether the ruling of the court on the first motion to dismiss the petition, no judgment having been then entered when the motion was overruled, and the question of diligence in obtaining service, having no legal substance, will not be further considered.

The second claim of the plaintiff in his "motion for rehearing," as shown by the record, is that the plaintiff's action, as a matter of law, was "brought" within the time permitted by the statute of limitations. From this claim, set out in the "motion for rehearing," it is perfectly evident that the plaintiff was seeking a new trial of the issues of law determined by the court by its final entry (judgment) of March 5, 1962, entered on defendant's motion for judgment.

A motion for a new trial is defined and the reasons for granting a new trial are set out in Section 2321.17, Revised Code, as follows:

"A new trial is a re-examination, in the same court, of the issues after a final order, judgment, or decree by the court.

"A final order, judgment, or decree shall be vacated and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights:
"* * *

"(F) That the final order, judgment, or decree is not sustained by sufficient evidence, *or is contrary to law*." (Emphasis added.)

There is no provision in the procedural statutes of Ohio (dealing with trial courts), providing for a "rehearing" or "reconsideration" of an order, judgment or decree of a trial court.

Section 2505.071, Revised Code, deals only with appellate procedure in an appeal on questions of law. A motion for a new trial undoubtedly seeks a rehearing of an order, judgment or decree, to which it is directed, but such motion is not properly designated as a "motion for rehearing" or "reconsideration." A practice has grown up whereby these terms have been applied to requests for reconsideration of interlocutory orders which may be entertained at the discretion of the court, but such motions are not provided for by statute or otherwise, except in some instances, pershaps, by rule of court, where such a motion is filed, which, because of the entry to which it is directed, is not a judgment, decree or appealable order. It cannot be considered as a motion for a new trial. One example would be a request for a rehearing or for reconsideration of a ruling entered on a motion for new trial. Such a request can have no effect whatever to stay or toll the limitations of time within which a notice of appeal must be filed seeking appellate review of the final order to which the motion for new trial was directed. But where a motion incorrectly designated as a motion for "rehearing" or "reconsideration" in fact seeks relief within the purview of what, in substance, is a motion for new trial, as defined by statute, the court will disregard such designation and consider such motion as if it had been captioned as a motion for new trial. The same legal principle must be applied under such circumstances as was considered and applied by the Supreme Court in ruling on a motion to strike as a demurrer, where on page 320 of the opinion in the case of *State, ex rel. Smith,* v. *Young, Judge,* 137 Ohio St., 319, the court said:

"We recognize the rule that ordinarily a motion to strike from a petition should not be treated as a demurrer. This court has not adhered strictly to that rule. *Finch* v. *Finch,* 10 Ohio St., 501; *Robinson* v. *Fitch,* 26 Ohio St., 659; *Zajachuck* v. *Willard Storage Battery Co.,* 106 Ohio St., 538, 140 N. E., 405. The present proceeding presents another illustration of the necessity of relaxing a rigorous rule to facilitate the administration of justice."

The motion filed in this case could not be dealt with in any other way than that as if it were a motion for new trial. If the court had granted the so-called "rehearing" it would have resulted in the vacation of the judgment to which the motion was

directed. In overruling it, the judgment was not disturbed but the question decided was whether a new trial of the issue of law determined in entering judgment should or should not be granted. We must conclude, therefore, that the motion for "rehearing" was, in fact, and should be considered as if it had been designated, a motion for a new trial. Under Section 2505.07, Revised Code, the filing of such a motion tolled the time for filing a notice of appeal so that such notice, upon the fact of this record, was timely filed.

The appellee cites the case of *State, ex rel. Longman,* v. *Welsh* (1938), 133 Ohio St., 244. The law of that case is no longer applicable because of the amendment to Section 11575, General Code, effective October 11, 1945 (now Section 2321.17, Revised Code), wherein the definition of a motion for new trial was changed from "a re-examination, in the same court, of an issue of fact" to read "a re-examination, in the same court, of the issues * * *."

The motion to dismiss the appeal is, therefore, overruled.

*Motion overruled.*

KOVACHY, P. J., and HURD, J., concur.