OPINION
Appellant, Kim L. Carnavale, appeals from the January 12, 2000 shared parenting order of the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant and appellee, Jody Carnavale, were married on July 31, 1989. Their marriage produced one child, Alicia, who was born on November 1, 1990. On May 23, 1997, a decree of divorce was entered. As part of the property settlement contained in the divorce decree, appellant was awarded the marital home, which, at the time the decree was entered, was occupied by appellee. The divorce decree did not resolve custody issues and, therefore, was not a final appealable order. The custody issues were not addressed by the trial court until the shared parenting order was issued on January 12, 2000.
Subsequent to the divorce decree being entered, but prior to the issuance of the shared parenting order, appellant filed: (1) a March 18, 1999 motion for relief from judgment, which was overruled by the trial court on July 30, 1999; and (2) a February 6, 1998 motion to show cause as to why appellee should not be held in contempt of court, which was overruled by the trial court on September 30, 1999. Both of these motions were related to the same personal property issue: whether appellee improperly removed appellant's personal property from the marital residence prior to appellant taking possession of the residence. Appellant is appealing from the trial court's rulings on both of those motions. Appellant is also appealing from the trial court's shared parenting order.
Appellant has filed a timely appeal and makes the following assignments of error:
 "[1.] The trial court committed reversible error and exceeded its jurisdictional authority by attempting to amend the shared parenting plan submitted to it rather than selecting the shared parenting plan of one of the parties.
 "[2.] The trial court abused its discretion and committed reversible error in issuing a shared parenting order based upon a pre-existing, generic, standardized schedule of possession and upon generic presumptions which have no application to the case at bar and no support in the record.
 "[3.] The terms of the trial court's shared parenting plan are contrary to the best interests of the child, contrary to the manifest weight of the evidence and reflect an abuse of the trial court's discretion.
 "[4.] The trial court committed reversible error in overruling appellant's `motion for relief from judgment' on the stated bases that it had not been filed in a timely fashion and that it was precluded by the availability of a contempt remedy.
 "[5.] The trial court's refusal to hold appellee in contempt of court relative to the personal property issue constitutes reversible error as being an abuse of discretion and contrary to the manifest weight of the evidence."
 In his first assignment of error, appellant contends that the trial court did not have authority, pursuant to R.C. 3109.04(D)(1) to sua sponte amend the shared parenting plan proposed by appellant, thereby creating its own shared parenting plan. We agree. In the case sub judice, both parties submitted shared parenting plans. When both parents submit a shared parenting plan, the trial court must follow the procedures set forth in R.C. 3109.04(D)(1)(a)(ii), which provides:
 "If each parent makes a request in his pleadings or files a motion and each also files his own separate plan, the court shall review each plan filed to determine if either is in the best interest of the children. If the court determines that one of the filed plans is in the best interest of the children, the court may approve the plan. If the court determines that neither filed plan is in the best interest of the children, the court may order each parent to submit appropriate changes to his own plan or both of the filed plans to meet the court's objections, or may select one of the filed plans and order each parent to submit appropriate changes to the selected plan to meet the court's objections. If changes to the plan or plans are submitted to meet the court's objections, and if any of the filed plans with the changes is in the best interest of the children, the court may approve the plan with the changes. If changes to the plan or plans are not submitted to meet the court's objections, or if the parents submit changes to the plan or plans to meet the court's objections but the court determines that none of the filed plans with the submitted changes is in the best interest of the children, the court may reject the portion of the parents' pleadings or deny their motions requesting shared parenting of the children
and proceed as if the requests in the pleadings or the motions had not been made. * * *" (Emphasis added.)
 Ohio appellate courts have interpreted this language to mean that:
 "[b]arring adoption of one of the submitted plans, * * * a court may only make suggestions for modification of the plans to the parties.* * * If the parties do not make appropriate changes or if the court is not satisfied with the changes that are resubmitted following the suggestions for modification, then the court may deny the request for shared parenting of the children.* * * The statute does not give the court authority to create its own shared-parenting [sic] plan." (Citations omitted.) McClain v. McClain
(1993), 87 Ohio App.3d 856, 857. See, also, Bowen v. Bowen (1999), 132 Ohio App.3d 616, 641.
 In the instant case, the trial court failed to order either party to submit appropriate changes to their respective shared parenting plans. Instead, the trial court determined that neither of the proposed shared parenting plans was in the child's best interest. The trial court then made significant changes to appellant's proposed plan, and then approved that plan as amended. The amendments made by the trial court were substantial and amounted to the trial court writing its own shared parenting plan. When both parents have submitted proposed shared parenting plans, the trial court does not have the authority to draft its own shared parenting plan; therefore, appellant's first assignment of error is well-taken.
Appellant's second and third assignments both challenge the validity of the shared parenting plan adopted by the trial court. Because we have already determined that the trial court exceeded its authority in creating its own shared parenting plan, we will not address these assignments of error.
In his fourth assignment of error, appellant argues, in part, that his motion for relief from judgment, which he filed on March 18, 1999, pursuant to Civ.R. 60(B), was improperly overruled by the trial court in a July 30, 1999, judgment entry. Pursuant to the terms of the property settlement contained in the May 23, 1997 divorce decree, appellant was entitled to possession of the marital house and to the personal property he had left there. However, at the time the decree was entered, appellee had possession of the house. Prior to that decree being entered, appellee had stipulated that appellant's personal property, consisting primarily of tools, which appellant had had appraised at approximately $20,000, had not been and would not be removed from the house. In his motion, appellant alleged that upon taking possession of the house, he discovered that his personal property had been removed. He later learned that appellee had, prior to making the stipulations referred to above, filed an insurance claim on personal property which had been stolen from the house. Therefore, appellant moved for relief from judgment and for reimbursement for the payments he made to appellee pursuant to the terms of the divorce decree.
The trial court overruled the 60(B) motion on three grounds: first, that it was not timely filed; second, that a motion to show cause as to why appellee should not be held in contempt of court was the proper remedy; and, third, that appellant had failed to demonstrate error that would permit relief from judgment.
With respect to the issue of whether appellant's 60(B) motion was timely filed, we note that the March 18, 1999 motion requested relief from a May 23, 1997 judgment entry of the trial court.[1] On November 30, 1999, this court ruled that the 1997 judgment entry was not a final appealable order. In Ohio, "courts generally hold that [a] prematurely filed `motion for relief' from [an] interlocutory order should be treated as a motion for reconsideration." Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 534. Therefore, appellant's 60(B) motion could have been treated by the trial court as a motion for reconsideration. Id. We do agree with appellant that because appellant's motion was not a 60(B) motion, the strict one-year time limit for filing a 60(B) motion does not apply. However, that is considerably different than pronouncing that timeliness is not a legitimate factor in evaluating any motion. Here, the motion was filed approximately two years after the fact. We agree that it was untimely under these circumstances.
The trial court also overruled appellant's motion on the ground that the proper remedy for appellant to pursue was a motion to show cause as to why appellee should not be held in contempt of court. While we agree with the trial court that, in this case, a show cause motion would have been the best way to proceed, we see no reason why appellant could not file both a motion for reconsideration and a motion to show cause.[2]
In our view, the two motions are not necessarily mutually exclusive, even though the motion to show cause would have been a more accurate and precise motion.
Finally, the trial court ruled that appellant failed to demonstrate error that would permit relief from judgment. A trial court has plenary power when ruling on a motion for reconsideration. Vanest,
124 Ohio App.3d, at 535. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. Id. "An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Sineav. Denman Tire Corp. (1999), 135 Ohio App.3d 44, 63, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. While the trial court has failed to provide us with the reasoning behind its ruling, based upon our independent review of the record, we do not believe that the trial court abused its discretion in overruling appellant's motion.
At the heart of appellant's motion for reconsideration was his contention that appellee committed a fraud upon the trial court. According to appellant's version of events, appellee had stipulated that she would not remove appellant's personal property from the marital house, but before she made that stipulation, she had already filed an insurance claim on property belonging to appellant which had been stolen from the house. However, our review of the record indicates that the items for which appellee filed an insurance claim consisted of two diamond rings, an antique sewing machine, a remote control for the garage door, and repair costs for an electronic air cleaner system.[3] As far as this court can determine, none of those items were the personal property of appellant. Further, the local police department informed appellee's insurance company that they had reason to believe that it was appellant who stole the items for which appellee filed her insurance claim.
In view of the foregoing, we hold that the trial court did not abuse its discretion in overruling appellant's motion and that, consequently, appellant's fourth assignment of error lacks merit.
In his fifth assignment of error, appellant argues that the trial court improperly overruled his February 6, 1998 motion to show cause, in which he argued that appellee should be held in contempt of court for failing to abide by the terms of the divorce decree.
Ohio courts have distinguished two types of contempt proceedings: civil and criminal. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 16. In a civil contempt proceeding, the purpose of the sanctions is to benefit the complainant through remedial or coercive means. Id. In a criminal contempt proceeding, one of the parties is sanctioned by a prison sentence or a fine, and there is no benefit to the other party to the proceeding. Id. As a general rule, no appeal can be made from an acquittal on a criminal contempt charge. Id. However, appeals are typically permitted from civil contempt proceedings, and there is a long history of such appeals being made in domestic relations matters. Id. at 17, fn. 3.
In the instant case, although appellant's motion before the trial court raised several issues, on appeal he has focused on his claim that his personal property was missing when he took possession of the marital residence; therefore, in his view, appellee was in contempt of court for failing to abide by the terms of the divorce decree. The trial court dealt with appellant's motion in a September 30, 1999 judgment entry, in which it noted that appellant had previously been encouraged by the court to file an insurance claim for the missing personal property. Appellant argues that the trial court overruled his motion because it believed that the possibility of appellant making an insurance claim on his missing personal property precluded a finding of contempt. Our interpretation of the trial court's ruling is that appellant lacked credibility on the issue of his missing personal property.
We would also note that appellant places a great deal of reliance on the fact that appellee filed an insurance claim for missing personal property, as if this were concrete evidence that appellee removed appellant's personal property from the marital home. As we stated above, the bulk of the insurance claim related to diamond rings and an antique sewing machine. The property which appellant asserts is missing consisted primarily of tools. Appellant's blatant attempt to distort the record by implying that appellee filed an insurance claim on his missing personal property, which is clearly not the case, does nothing to promote his argument. In sum, there is nothing in the record that would persuade this court to conclude that the trial court abused its discretion in overruling appellant's motion to show cause. Consequently, we hold that appellant's fifth assignment of error lacks merit.
Based on the foregoing analysis, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion with respect to the issue of the shared parenting plan.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., NADER, J., concur.
[1] The interlocutory divorce decree.
[2] A motion for reconsideration of an interlocutory order is appropriate at the trial level. Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, 379, fn. 1. Such a motion "may be entertained at the discretion of the court * * *." LaBarbera v. Batsch (1962),117 Ohio App. 273, 276. There is no test for a motion for reconsideration to be applied at the trial level, comparable to App.R. 26, which governs motions for reconsideration at the appellate level.Fidelity Guar. Ins. Underwriters, Inc. v. Aetna Cas. Sur. Co. ofIllinois (June 30, 1993), Lucas App. No. L-92-024, unreported, 1993 WL 241583, at 4.
[3] This determination is based on our review of the following documents that were part of the record in this case: the "Personal Property Inventory Form," dated November 10, 1996, submitted by appellee to Erie Insurance Group; and, "Claims Management System Files Notes" of the Erie Insurance Group dated September 13, and 16, 1996, November 21, 1996, December 12, 1996, December 15, 1996, May 21, 1997, and July 16, 1997.