This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Patrick Servenack (hereinafter "Servenack"), appeals the trial court's decision to dismiss his claim against Defendant-Appellee Sean Garner (hereinafter "Garner") and the jury's verdict in favor of Defendant-Appellees David Sturgeon (hereinafter "Sturgeon") and Dave Williams (hereinafter "Williams"). For the following reasons, we affirm the trial court's judgment.
On May 19, 1996, Servenack was a passenger in a motorboat driven by Sturgeon on Lake Milton, who co-owned the boat with Williams. Garner operated a wave-runner on the lake that day. The motorboat was traveling at a top speed in excess of forty-five (45) m.p.h. when it suddenly slowed and made a sharp left. Garner was traveling to the left and behind the boat at about fifty-two (52) m.p.h. When the boat made its sudden left turn, Garner collided with the boat's mid-section. The wave-runner hit and injured Servenack, fracturing his left tibia. As a result of his injuries, Servenack filed a complaint on January 23, 1997, naming Garner, Williams, and Sturgeon as defendants.
On August 11, 1998, Garner's attorney sent a letter to Servenack's attorney stating a desire to settle and offered Servenack five hundred dollars ($500.00) in full settlement of his claim. Servenack's attorney responded in a letter dated November 11, 1998, stating, "I finally heard from Pat Servenack and he is willing to accept that amount as suggested." Garner's attorney then sent a settlement check and settlement documents to Servenack. These were never signed and the check was never cashed.
On February 5, 1999, Garner filed a motion to enforce settlement which was denied. On the day the case was called for trial, February 8, 1999, Garner moved for a reconsideration of the trial court's prior judgment citing Holmes v. Central Ins. Co. (March 16, 1993), Mahoning App. No. 92 CA 43, unreported, as additional authority. Upon reconsideration, the trial court granted Garner's motion to enforce settlement and dismissed him as a party. The matter proceeded to trial, where the jury found for Williams and Sturgeon.
Servenack's five assignments of error allege:
 "The trial court erred and abused its discretion in dismissing defendant, Sean Garner, from the lawsuit."
 "The trial court abused its discretion in overruling Plaintiff's motion for a new trial."
 "The trial court erred in overruling Plaintiff's motion for a directed verdict in regard to negligence."
 "The trial court's improper instructions prejudiced the Defendant."
 "The judgment in favor of Defendant David Sturgeon is against the manifest weight of the evidence."
Because the second and fourth assignments of error address the same issues of law and fact, they will be dealt with together. Likewise, the third and fifth assignments of error will be dealt with together. We affirm the trial court's judgment because it properly found Garner and Servenack reached a binding settlement agreement, it properly instructed the jury, and the jury's verdict was supported by competent, credible evidence.
In Servenack's first assignment of error, he asserts the trial court erred by granting Garner's motion to enforce settlement and dismissing Garner from the case. Essentially, Servenack argues the letter his counsel sent to Garner's counsel on November 11, 1998, was unauthorized and, therefore, he did not agree to the settlement terms.
A settlement agreement constitutes a binding contract between the parties. Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324, paragraph one of the syllabus. Whether a binding settlement has been reached is governed by the law of contracts.State v. Butts (1996), 112 Ohio App.3d 683, 686, 679 N.E.2d 1170, 1172. A contract is "[a] promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." The Restatement of the Law 2d, Contracts (1981) 5, Section 1.
 "To prove the existence of a contract, a plaintiff must show that both parties consented to the terms of the contract, that there was a `meeting of the minds' of both parties, and that the terms of the contract are definite and certain." Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 484, 738 N.E.2d 1271, 1282-1283.
In the present case, the letters both offering and accepting the settlement agreement are unequivocal. Garner offered Five Hundred Dollars ($500) in full and final settlement of all claims against Garner. Servenack's reply states in toto:
 "I am sorry for the delay in responding to your letter dated 08-11-98 wherein you offered the sum of $500.00 in full and final settlement of all claims against Sean Garner.
 "Yes, I am aware of which defendant has `deep pockets'. That is why I filed this lawsuit before January 26, 1997. I finally heard from Pat Servenack and he is willing to accept that amount as suggested.
 "I would, however, trust you to prepare the documentation, since this is your field of expertise."
Further, at the hearing on Garner's motion the day of trial, Servenack's attorney told the trial court, "I'll talk to my man, which I did. I talked to him, and he says whatever you want to do. Whatever you think is best. I am his attorney, so he is going to go with my advice." Absent specific authorization, an attorney has no implied or apparent authority to compromise and settle his client's claims. Morr v. Crouch
(1969), 19 Ohio St.2d 24, 48 O.O.2d 43, 249 N.E.2d 780. Based on the evidence above, there can be no doubt the parties consented to the definite and certain terms of the proposed settlement agreement. The settlement agreement is a binding contract.
A binding contract may not be unilaterally repudiated after the parties have entered into that contract.
 "To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of binding force." Spercel at 40, 670 O.O.2d at 22-23, 285 N.E.2d at 327.
When the parties have entered into a binding settlement agreement, the trial court has the authority to enforce that settlement. Klever v. Cityof Stow (1983), 13 Ohio App.3d 1, 13 OBR 1, 468 N.E.2d 58, paragraph one of the syllabus. For the foregoing reasons, Servenack's argument that a binding settlement did not exist is meritless.
In addition to his main argument, Servenack also argues the trial court erred by allowing Garner to argue his motion for reconsideration with caselaw not used in the original motion to enforce. Servenack's arguments both before the trial court and to this court in his brief and at oral argument ignores the relationship between Civ.R. 54(B) and final appealable orders. Civ.R. 54(B) allows a trial court to enter a final judgment on a portion of a claim if the trial court finds there is no just reason to delay making that judgment.
 "[T]he phrase `no just reason for delay' is not a mystical incantation which transforms a nonfinal order into a final appealable order. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order." (Citations omitted) Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136, 1138.
A finding of "no just reason for delay" is essentially a factual determination that an interlocutory appeal is consistent with the interests of sound judicial administration. Id. When a trial court does not make that express determination, then the judgment is not final and "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Civ.R. 54(B).
In order to obtain relief from a non-final order, a party may properly file a motion for reconsideration with the trial court. Helman v. EPLProlong, Inc. (2000), 139 Ohio App.3d 231, 240, 743 N.E.2d 484, 491
citing Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380, 21 O.O.3d 238, 239, 423 N.E.2d 1105, 1106, at fn. 1. "Requests for reconsideration of interlocutory orders in the trial court `may be entertained at the discretion of the court.'" Id. at 241,743 N.E.2d at 491 quoting LaBarbera v. Batsch (1962), 117 Ohio App. 273, 276, 21 O.O.2d 439, 441, 182 N.E.2d 632, 634. "A trial court's determination of a motion for such reconsideration will not be disturbed on appeal absent an abuse of discretion." Id. An abuse of discretion exists where the trial court acted in a manner which was unreasonable, arbitrary, or unconscionable.Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126-127, 482 N.E.2d 1248, 1251-1252. A trial court abuses its discretion only when
 "`the result [is] so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason, but rather of passion or bias.'" Id.
In the present case, Garner moved the trial court to enforce the settlement agreement on the Friday before trial, which the trial court denied that day. On the Monday trial began, Garner renewed his motion citing new caselaw. At the time, Servenack's attorney told the trial court he needed no additional time to prepare a response to the motion. The trial court heard arguments from both sides and granted the motion to enforce the settlement. The trial court did not abuse its discretion hearing Garner's motion for reconsideration and did not err in finding a valid and enforceable settlement agreement. Servenack's first assignment of error is meritless.
Servenack's second and fourth assignments of error deal with the same issue of law, claiming the trial court improperly instructed the jury as to the duties of a person not a party to the lawsuit. A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced. Marshallv. Gibson (1985), 19 Ohio St.3d 10, 12, 19 OBR 8, 10, 482 N.E.2d 583,585. A trial court should confine its instructions to the issues raised by the pleadings and the evidence. Becker v. Lake Cty. Mem. Hosp. West
(1990), 53 Ohio St.3d 202, 208, 560 N.E.2d 165, 170-171. It is within the sound discretion of the trial court to determine whether a jury instruction is relevant. Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881, paragraph two of the syllabus.
In both instances, an abuse of discretion connotes more than an error in judgment, it implies that the trial court's attitude is unreasonable, arbitrary or conscionable. Huffman v. Hairsurgeon, Inc. (1985),19 Ohio St.3d 83, 87, 19 OBR 123, 126-127, 482 N.E.2d 1248, 1251-1252. On review, a jury charge must be considered as a whole and this court must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights. Becker
at 12, 19 OBR at 10, 482 N.E.2d at 585. The question before this court is, essentially, whether the jury instruction in question was relevant to a determination of whether Sturgeon was negligent.
In order to prove negligence, a plaintiff must prove the defendant owed the plaintiff a duty, the defendant breached that duty, and the plaintiff suffered damages as a result of that breach. Chambers v. St. Mary'sSchool (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, 200. "While the scope and extent of a duty is a question of fact, the existence of such a duty is ordinarily a question of law." Peyer v. Ohio Water Serv. Co. (1998), 130 Ohio App.3d 426, 433, 720 N.E.2d 195, 200 citing Mussivandv. David (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269-270. In this case, the trial court defined the duty as "[o]rdinary care [which] is care that a reasonably cautious, careful person would use under the same or similar circumstances."
After describing the relationship between foreseeable injury and negligence, the trial court continued by stating everyone has the right to assume others will observe the law. The trial court then gave the following instruction based on O.A.C. 1501:47-2-13:
 "The Ohio Administrative Code provides that an overtaking vessel is one which is coming up with another vessel from a direction of more than 22 ½ degrees to the rear of the line drawn at right angles to the vessel being overtaken.
 "Any vessel overtaking any other vessel shall keep out of the way of the vessel being overtaken.
 "An alteration in course of the vessels shall not make the overtaking vessel a crossing vessel and shall not relieve the overtaking vessel of its duty of keeping clear of the overtaking vessel."
The trial court concluded by describing the duty owed by Sturgeon:
 "Any person who operates any vessel on the water in this state carelessly or heedlessly, or in disregard of the rights or safety of any person, vessel, or property, or without due caution at a rate of speed or in a manner so as to endanger any person, vehicle, or property, is negligent."
Servenack argues the instruction based on O.A.C. 1501:47-2-13 was irrelevant to the case at hand and, therefore, an abstract statement of law which confused the jury. When viewed in their entirety, the jury instructions show this particular instruction was not irrelevant. In giving this instruction, the trial court was further defining the duty Sturgeon owed to Servenack. Although this instruction may also define Garner's duty, had this been an issue in the case, that is not the purpose for which it was used. The instruction was proper and did not mislead the jury, and could not be the basis for a mistrial. Servenack's second and fourth assignments of error are meritless.
In his third assignment of error, Servenack claims the trial court erred by denying his motion for directed verdict, and in his fifth assignment of error argues the judgment in favor of Sturgeon is against the manifest weight of the evidence. Although a review of a trial court's decision denying a motion for directed verdict and a determination that a judgment is against the manifest weight of the evidence involve different standards of review, the law and facts before us are so similar that we will address these two assignments of error together.
A directed verdict may be granted when, construing the evidence most strongly in favor of the non-moving party, the trial court determines reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to the non-moving party. Civ.R. 50(A)(4). A motion for a directed verdict tests whether the evidence presented is legally sufficient to take the case to the jury. Wagner v.Midwestern Indemn. Co. (1998), 83 Ohio St.3d 287, 294, 699 N.E.2d 507,513. When deciding whether to grant a directed verdict, the trial court must not weigh the evidence or determine the credibility of witnesses.Id. "This standard obviously presupposes that any questions of law have been previously resolved, and is concerned with questions of fact that are to be submitted to the jury." Gallagher v. Cleveland Browns FootballCo. (1996), 74 Ohio St.3d 427, 435, 659 N.E.2d 1232, 1239.
An appellate court will not disturb the findings of a trial court unless the findings are against the manifest weight of the evidence.State ex rel. Shady Acres Nursing Home, Inc. v. Rhodes (1983),7 Ohio St.3d 7, 8, 7 OBR 318, 320, 455 N.E.2d 489, 491. A finding is against the manifest weight of the evidence only if it is not supported by competent, credible evidence. Id. Although appellate courts review motions for directed verdict and manifest weight arguments by different standards, the standards are related. Fundamentally, if credible, competent evidence supports the jury's finding of non-negligence, then, when reviewing the evidence in the light most favorable to Sturgeon, the jury could have found he was not negligent.
In the present case there is competent, credible evidence to support a finding that Sturgeon was not negligent. The evidence shows Sturgeon was driving the boat at a high rate of speed when he checked his rear-view mirror, didn't see anything, and turned his boat left while stopping suddenly. Clearly, when looked at in the light most favorable to Sturgeon, a reasonable mind could say he was not negligent in doing this. Likewise, a finding that he was not negligent is not against the manifest weight of the evidence because it is supported by the evidence cited above. Therefore, Servenack's third and fifth assignments of error are meritless.
Servenack agreed to settle his claim against Garner and, even if he later wishes to repudiate that settlement, that settlement is binding upon him. The trial court's instruction based on O.A.C. 1501:47-2-13 is proper because it was relevant to the issues before the jury. Finally, the judgment was not against the manifest weight of the evidence and Servenack should not have been granted a directed verdict that Sturgeon was negligent. For these reasons, all of Servenack's assignments of error are meritless and the decision of the trial court is affirmed.
Vukovich, P.J., Concurs.
Waite, J., Concurs.