[Cite as *Whittington v. Chase #1*, 2011-Ohio-2288.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95728**

---

## DARRYL WHITTINGTON

PLAINTIFF-APPELLANT

vs.

## CHASE #(1), ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
**AFFIRMED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-724914

**BEFORE:**  Rocco, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**  May 12, 2011

**FOR APPELLANT**

Darryl Whittington, pro se
2209 East 93rd Street
Cleveland, Ohio 44106-3405

**ATTORNEYS FOR APPELLEES**

**For Chase #(1)**

Seamus J. McMahon
Moscarino & Treu, L.L.P.
The Hanna Building, Suite 630
1422 Euclid Avenue
Cleveland, Ohio 44115

**For City of Cleveland**

Robert J. Triozzi
Director of Law
BY:   L. Stewart Hastings, Jr.
        Chief Assistant Director of Law
        William M. Menzalora
        Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

**For Cuyahoga County**

William D. Mason,
Cuyahoga County Prosecutor
BY:   Sara E. Decaro
        Assistant County Prosecutor
Justice Center 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1} In this action in "conversion and replevin" seeking return of forfeited funds, plaintiff-appellant Darryl Whittington, proceeding pro se, appeals from the trial court orders that granted each of the defendants' separate motions to dismiss his complaint. Defendants-appellees are JP Morgan Chase Bank, N.A. (designated in his complaint as simply "Chase"), the city of Cleveland, and Cuyahoga County.

{¶ 2} Appellant presents three assignments of error.[1] He first argues the trial court abused its discretion in granting all of the motions to dismiss without considering the merits of his claim. He next argues the trial court abused its discretion when it declined to reconsider its decision to grant Cleveland's motion to dismiss. Lastly, he argues that the trial court wrongly determined his claim against Chase was barred by the doctrine of res judicata.[2]

---

[1]Appellant's "statement" of his assignments of error differs markedly from the ones he actually argues. Faced with this dichotomy, this court will address the assigned errors as presented immediately before his three arguments.

[2]This court has rephrased appellant's arguments to reflect its understanding of what he is asserting in this appeal.

**{¶ 3}** Upon a review of the record, this court finds the trial court's orders were appropriate. They are therefore affirmed.

**{¶ 4}** Appellant filed his complaint on April 22, 2010. In it, he alleged the following: 1) he had been convicted of a "drug offense on January 12, 2007"; 2) much of his personal property, including two Chase bank accounts, had been seized as a result of his criminal case; 3) his indictment in his criminal case did not carry a forfeiture specification; 4) his two sisters, Linda Whittington and Laura Holmes, had filed civil actions in replevin for release of the bank account funds, but their complaints had been "dismissed without prejudice"; 5) in those civil actions, Chase had wrongfully deposited the funds in his accounts with the trial court; 6) both Cleveland and Cuyahoga County were now in "wrongful possession" of those funds; and 7) he needed the money.

**{¶ 5}** Appellant filed a motion for an "order of possession of property" contemporaneously with his complaint. He attached his affidavit to support the allegations of his complaint.

**{¶ 6}** After Chase received service, it filed a motion to place the case on the docket of the trial court that had presided over appellant's sisters' cases; those two cases had been consolidated. The motion was granted.

{¶ 7}  On June 4, 2010, Chase filed a motion to dismiss the complaint, arguing appellant's claim was barred by the doctrine of res judicata.   Chase attached exhibits to its motion.

{¶ 8}  These exhibits included a copy of the journal entry of forfeiture ordered by the trial court in appellant's criminal case, dated December 5, 2008.   In relevant part, the order stated it was entered "pursuant to the voluntary forfeiture of [seized] contraband by [appellant], the person from whom the contraband was seized. Said property being * * * ($7,984.33) contained in JPMorgan Bank acct#661695106, * * * ($10,501.31) contained in JPMorgan Bank acct#648246636 * * * .

{¶ 9}  "The proceeds of * * * all forfeited monies shall be applied pursuant to division (D) of Ohio Revised Code Section 2933.43 with twenty percent (20%)

{¶ 10} * * distributed to the Cuyahoga County Prosecuting Attorney Law Enforcement Trust Fund, and eighty percent (80%) distributed to the City of CLEVELAND Law Enforcement Trust Fund."

{¶ 11} Chase also included copies of the "docket information" posted by the court in appellant's sisters' consolidated cases.   These showed Chase had deposited the funds contained in appellant's two accounts with the court, the claims against Chase had been dismissed in February 2010, all the claims

had been resolved by March 2010, and the court ordered the funds distributed to Cuyahoga County and to Cleveland on March 18, 2010.

{¶ 12} Chase also presented a copy of appellant's "Answer and Cross Complaint" he filed in his sister Laura's case. Therein, appellant raised the same issues as those he presented in the instant case; the docket entries of Laura's case reflect the trial court ordered appellant's pleading stricken for failure to follow the Ohio Rules of Civil Procedure.

{¶ 13} On June 7, 2010, the trial court noted Chase's filing of its motion and ordered appellant to file a brief in opposition by June 14, 2010.[3]

{¶ 14} The record reflects appellant failed to respond to Chase's motion. On June 23, 2010, the trial court issued an order that granted Chase's "unopposed" motion on the basis that appellant's claims against Chase were barred by the doctrine of res judicata.

{¶ 15} On July 1, 2010, Cleveland filed a motion to dismiss appellant's complaint against it. Cleveland argued that it was entitled to statutory immunity and that appellant's claims were barred by the doctrine of res judicata.

---

[3]The seven-day time limitation for filing opposition briefs is prescribed by Loc.R. 11(C).

{¶ 16} Like Chase's previous motion, Cleveland's motion was supported by exhibits. In relevant part, Cleveland attached copies of the complaints appellant's sisters had filed in their subsequently consolidated cases. Appellant's sisters named as defendants Chase, Cleveland, the county, and appellant. Cleveland also attached certified copies of the journal entries disposing of all the claims in the two cases.

{¶ 17} On July 14, 2010, the trial court issued an order that stated Cleveland's motion to dismiss appellant's complaint was "unopposed and granted." Appellant filed a brief in opposition to Cleveland's motion the following day. He attached his affidavit. In essence, appellant claimed that his bank accounts were unrelated to his drug conviction; rather, they "were attached to [his] legal [clothing] business."

{¶ 18} On August 2, 2010, appellant filed a motion he entitled as one "for relief after judgment," asking the trial court to reverse its dismissal of his claims against Cleveland. He asserted his opposition brief had been timely. The trial court disagreed, denying appellant's motion on August 8, 2010.

{¶ 19} On August 9, 2010, the county filed a motion to dismiss appellant's complaint. The county presented the same arguments as Cleveland had, relying on the evidence already contained in the record.

{¶ 20} Appellant filed a timely opposition brief, but argued the county's motion should be denied because "genuine issues of material fact" existed. Although he reminded the trial court that evidentiary materials could not be considered in ruling on a motion to dismiss, he nevertheless attached an affidavit to his brief.

{¶ 21} On August 18, 2010, the trial court granted the county's motion. Appellant filed his appeal from this final order. He presents three assignments of error, stated in his appellate brief as follows:[4]

{¶ 22} "I.  **The trial court erred in not granting Appellant's motion for return of property.**

{¶ 23} "II.  **The trial court erred in its rush to judgment in granting Defendant-Appellee the City of Cleveland's motion to dismiss without allowing Appellant to file a reply and denying Appellant's motion for relief after judgment under Civil Rule 60(B).**

{¶ 24} "III.  **The court erred in granting Defendant-Appellee Chase's motion to dismiss where he [sic] raised a claim separate a [sic] distinctive from claims raised by his family members in their civil complaints.  Appellant's claim against Chase is not barred by the doctrine of res judicata."**

---

[4]See Fn.1.

**{¶ 25}** In his first assignment of error, appellant apparently argues[5] the trial court should have considered his claim for "conversion and replevin" on its merits, because the trial court in his original criminal case lacked statutory authority to issue an order of forfeiture.

**{¶ 26}** This court, however, cannot consider this argument, because it is barred by the doctrine of res judicata. Appellant never appealed from his conviction. Since he could have raised this argument in a direct appeal, he is precluded from raising it herein. *Cline v. Urbana Police Div.*, Champaign App. No. 09-CA-45, 2010-Ohio-5384, citing, inter alia, *Phillips v. Haines* (Oct. 26, 1994), Montgomery App. No. 14127, and *Wagner v. Euclid* (Oct. 26, 1978), Cuyahoga App. No. 37817. Consequently, his first assignment of error is overruled.

**{¶ 27}** Appellant next seems to argue the trial court abused its discretion in denying his motion "for relief from judgment." This court disagrees.

**{¶ 28}** Since appellant has been proceeding pro se, he apparently is unaware that Civ.R. 60(B) has no application to a case in which claims remain pending. Thus, appellant's motion actually was a motion for reconsideration. *Yeckley v. Yeckley*, Cuyahoga App. No. 94358,

---

[5]See Fn.2.

2010-Ohio-4252, citing *Lee v. Joseph Horne Co.* (1995), 99 Ohio App.3d 319, 323, 650 N.E.2d 530.

{¶ 29} Requests for reconsideration of interlocutory orders in the trial court "may be entertained at the discretion of the court." *LaBarbera v. Batsch* (1962), 117 Ohio App. 273, 276, 182 N.E.2d 632; see, also, *Cleveland v. W.E. Davis Co.*

{¶ 30} (July 18, 1996), Cuyahoga App. No. 69915. It follows that a trial court's determination of a motion for such reconsideration will not be disturbed on appeal absent an abuse of discretion. *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 535, 706 N.E.2d 825; *Picciuto v. Lucas Cty. Bd. Commrs.* (1990), 69 Ohio App.3d 789, 796, 591 N.E.2d 1287.

{¶ 31} An abuse of discretion exists only where it is clear from the record that the court acted in a manner that was unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248. Since the trial court correctly determined appellant's claim against Cleveland was barred, no abuse of discretion occurred. See, e.g., *Price v. Austintown Local School Dist. Bd. of Edn.*, 178 Ohio App.3d 256, 2008-Ohio-6254, 899 N.E.2d 975, *Church v. Cleveland (*Feb. 9, 2011*)* N.D. Ohio, No. 1:10-CV-1399. Appellant's second assignment of error, accordingly, also is overruled.

**{¶ 32}** In his third assignment of error, appellant apparently argues that his claim against Chase was improperly dismissed. However, even if appellant's claims were not barred by the doctrine of res judicata, appellant never challenged the trial court's ruling in Chase's favor during the proceedings below. He, therefore, is precluded from raising this issue on appeal. *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 1997-Ohio-71, 679 N.E.2d 706; *First Fed. Sav. & Loan Assn. of Akron v. Cheton & Rabe* (1989), 57 Ohio App.3d 137, 567 N.E.2d 298, paragraph four of the syllabus. Appellant's third assignment of error, accordingly also is overruled.

**{¶ 33}** The trial court orders are affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., CONCURS;

COLLEEN CONWAY COONEY, J.,
CONCURS IN JUDGMENT ONLY