FUGETT, Appellant,

v.

HARRIS, Appellee.

[Cite as *Fugett v. Harris* (1995), 107 Ohio App.3d 415.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15197.

Decided Nov. 15, 1995.

*Sigurd R. Peterson, Jr.,* for appellant.

*Anthony R. Kidd,* for appellee.

---

GRADY, Judge.

This is an appeal from a judgment for the defendant after a jury trial in an action for bodily injuries and loss of personal property arising from an automobile accident. The issues presented are whether the trial court abused its discretion when it struck some or all of the deposition testimony of two medical experts concerning the plaintiff's claim that the trauma she suffered in the accident aggravated a preexisting disorder of the temporomandibular joint of her jaw, resulting in a pain process known as temporomandibular joint ("TMJ") syndrome.

Plaintiff Brenda Fugett sought to introduce the deposition testimony of Dr. Richard Donnini, who opined "with reasonable medical probability, [that] the accident did in fact cause her aggravation of the TMJ syndrome." When asked how, Donnini stated:

"A. Well, the, the joint itself could have been—and I, I have to postulate, I don't know exactly for sure. What I'm relying on to, to some degree, at least, is her subjective complaints of increased pain, obviously, I didn't examine the TMJ before. I also have the reports of Dr. Hartle, which indicated to me that there was a—

"MR. KIDD: Let me just object. Go ahead, go ahead, go on.

"THE WITNESS: I also have the reports of Dr. Hartle, which helped me to postulate the opinion that she aggravated the TMJ syndrome.

"Dr. Hartle is a dentist who specializes in TMJ, and apparently he had, I believe he had treated her before the accident as well, so I relied on his opinion as well.

"But the accident itself could have caused some additional trauma to the TMJ joint area, it could have caused some damage to the muscles or ligaments around the jaw and mandibular area as well as aggravating the neck muscles which are interrelated to the jaw itself.

"MR. KIDD: Let me move to strike. I apologize, go ahead."

The trial court sustained the objections and struck Donnini's opinion because it did not meet the reasonable medical probability standard required of expert opinion evidence.

The court also struck the testimony of another of plaintiff's experts, Dr. Robert Shaffer, that was based on magnetic resonance imaging ("MRI") and electromyogram ("EMG") test reports because the record did not reflect whether Dr.

Shaffer had prepared them and, if he did not, whether he was qualified to interpret them.

Appellant Fugett filed a timely notice of appeal from the judgment entered in favor of appellee Harris, and now presents two assignments of error.

### First Assignment of Error

"The trial court erred in finding that Doctor Donnini's testimony that appellant's accident with appellee aggravated appellant's temporomandibular joint syndrome was not to a reasonable medical probability."

■■■■ Evid.R. 702(A) permits a witness to testify as an expert if "[t]he witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons." This requirement serves the ultimate purpose of expert testimony, which is to bring a helpful quality to the litigation process that would otherwise be lacking. *State v. Slagle* (1992), 65 Ohio St.3d 597, 605 N.E.2d 916. In order to serve that purpose, expert opinion regarding a causative event, including alternative causes, must be expressed in terms of probability. *Stinson v. England* (1994), 69 Ohio St.3d 451, 633 N.E.2d 532. The trial court errs when it permits an expert witness to testify as to the proximate cause of injuries where the opinion does not rise to the requisite level of probabilities. *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 28 OBR 429, 504 N.E.2d 44.

Brenda Fugett alleged an aggravation of her TMJ pain syndrome as one of the bodily injuries on which her claim for relief was founded. Donnini's opinion that the auto accident proximately caused that bodily injury was admissible because it was stated in terms of a probability. His inability to identify the specific traumatic process that resulted in Fugett's bodily injury does not render inadmissible his opinion that the accident was the event causative of the bodily injury that Fugett alleged. The trial court erred when it struck his testimony in that regard.

Appellee argues that any error in this respect is harmless because Donnini's earlier statement that appellee's TMJ pain syndrome was aggravated by the accident was not challenged and was admitted. We have examined those portions of the record. Donnini was not asked to explain that opinion, and he did not attempt to explain it until he was later asked to explain the cause of the pain itself. Appellee was entitled to the benefit of that evidence. We cannot find that the error was harmless on that basis.

The first assignment of error is sustained.

## Second Assignment of Error

"The trial court erred in excluding Dr. Shaffer's testimony of the results of tests performed, on the basis that there was no foundation that the doctor was able to interpret the tests."

Evid.R. 702(B) permits a witness to testify as an expert if "[t]he witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony." Whether an individual qualifies as an expert is a question for the court pursuant to Evid.R. 104(A), and will be reversed only for an abuse of discretion. *State v. Tomlin* (1992), 63 Ohio St.3d 724, 590 N.E.2d 1253. "Relative weaknesses in the expert's body of expertise may be exposed on cross-examination in an effort to affect the weight that the trier of fact will accord to the expert's testimony." 1 Weissenberger's Ohio Evidence (1985), Section 702.4.

Dr. Shaffer testified by deposition that he is a chiropractor and is licensed in Ohio to practice chiropractic health care. He testified that he treated Fugett for TMJ syndrome before the auto accident and after it occurred. Shaffer stated that he "had an MRI done on the TMJ" by a Dr. Shear. He also "had an EMG study done" by another chiropractor. Shaffer testified from the results of these tests concerning Fugett's TMJ syndrome and the aggravating effect of the auto accident. There were numerous objections that Shaffer was not competent to interpret the tests or to give opinions based on them. The trial court sustained the objections because no foundation was laid for Shaffer's ability to interpret these tests.

We find no abuse of discretion in the trial court's order striking the portions of Shaffer's deposition testimony based on the tests concerned. Such tests are generally admissible as factual findings. *Lambert v. Goodyear Tire & Rubber Co.* (1992), 79 Ohio App.3d 15, 606 N.E.2d 983. However, no evidence was presented that Shaffer's particular body of expertise in the practice of chiropractic health care qualified him to diagnose injuries from the results of those tests. Absent such evidence, the trial court could properly exercise the discretion it is granted under the applicable Rules of Evidence to exclude his testimony in that regard.

The second assignment of error is overruled.

Having sustained the first assignment of error, we will reverse the judgment of the trial court and remand for a new trial.

*Judgment reversed*
*and cause remanded.*

WOLFF and FAIN, JJ., concur.