OPINION
{¶ 1} Plaintiff-appellant, Richard Whittington (hereinafter "appellant"), appeals from the decision and judgment entry of the Franklin County Court of Common Pleas denying his motion for summary judgment and granting summary judgment in favor of defendant-appellees, Michael J. Meagher, M.D. (hereinafter "Meagher"), and Neurological Associates (hereinafter collectively "appellees"). For the following reasons, we affirm.
 {¶ 2} On December 22, 2000, appellant underwent a lumbar MRI. The results of the MRI were initially interpreted by Dr. Kim. On March 9, 2001, appellant sought treatment from Dr. Westerheide. On August 29, 2001, Dr. Westerheide sought a second opinion of the MRI from Dr. Meagher. Specifically, Dr. Westerheide requested an opinion whether the lumbar spine presented any evidence of a surgical lesion. Dr. Meagher examined the MRI and reported his findings to Dr. Westerheide. He opined appellant had disk degeneration but there was no evidence of disk herniation, nerve root compression, spinal canal compression, or surgical lesion.
 {¶ 3} On March 13, 2002, appellant initiated this action in the Franklin County Court of Common Pleas against appellees. Appellant claimed Dr. Meagher was negligent in his examination of the MRI which is the cause of his current and continuing pain. At no time did appellant introduce expert medical testimony to establish his claim. Appellees filed a joint motion for summary judgment on January 21, 2003. Appellant filed multiple motions in response, including motions for summary judgment. On March 27, 2003, the Franklin County Court of Common Pleas denied appellant's motions for summary judgment and granted summary judgment in favor of the appellees. Appellant appealed the decision.
 {¶ 4} Appellant asserts two assignments of error:
1. The trial court erred when it entered summary judgment is granted [SIC] as to all claims asserted against defendant in plaintiff's complaint.
2. The trail [sic] court erred when it refused to granted [sic] plaintiff [sic] motion to strike and plaintiff motion for summary judgment in favor of plaintiff.
 {¶ 5} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 6} In Dresher, the Ohio Supreme Court held that a party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden to inform the trial court of the basis for the motion and identifying the portions of the record demonstrating an absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. The moving party does not discharge its burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Id. Rather, the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party has no evidence to support its claims. Id. Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue.Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 7} To prove a claim of medical negligence appellant must establish: (1) what the standard of care is within the medical community; (2) that the physician breached the standard; and (3) that the physician's breach is the proximate cause of the plaintiff's injury. Bruni v. Tatsumi (1976),46 Ohio St.2d 127, 130. Generally, proof of the standard of care, as well as a deviation from that standard, is established through expert medical testimony. Id. An exception to the requirement of expert testimony exists where the lack of skill or care of the physician is so apparent it is within the comprehension of the lay person's common knowledge and experience, making expert testimony superfluous. Id.
 {¶ 8} In the present case, Dr. Meagher provided a limited consult as a second opinion, interpreting an MRI at the request of appellant's treating physician. The proper reading of an MRI lies within the province of medically trained professionals and is outside the comprehension of a lay person's common knowledge and experience. See Fugett v. Harris (1995),107 Ohio App.3d 415, 419 (striking testimony concerning MRI and EMG tests because witness had not qualified as an expert to interpret the tests) and Murray v. Sternfeld, M.D. (Mar. 5, 1993), Lucas App. No. L-92-086 (requiring expert testimony for the interpretation of a CT Scan). Thus, appellant must establish, through expert testimony, that Dr. Meagher's reading of the MRI was negligent, and that his negligence caused or exacerbated appellant's injury. As stated previously, appellant presented no expert testimony. Instead, appellant has only provided his own medical reports. His medical reports, while certified by the physician who generated them, neither refute Dr. Meagher's expert opinion, nor establish he deviated from the applicable standard of care.
 {¶ 9} In contrast, Dr. Meagher filed an affidavit affirming his compliance with the standard of care. Appellant was required to refute Dr. Meagher's affidavit with his own expert affidavits demonstrating Dr. Meagher deviated from the appropriate standard of care. See Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 61
(plaintiffs are required to file opposing affidavits or some evidence to place in issue the facts alleged in the doctor's affidavit). However, the medical reports simply narrate various doctors' examination of appellant's back and spine. They do not provide evidence refuting Dr. Meagher's affidavit. Absent such evidence, Dr. Meagher's affidavit establishes the standard of care and his compliance therewith. Id. at 62.
 {¶ 10} Since appellant failed to produce expert testimony as to the applicable standard of care, or a deviation from that standard, he cannot establish Dr. Meagher was negligent. Therefore, the trial court did not err in granting appellees' motion for summary judgment and denying appellant's motion for summary judgment.
 {¶ 11} Accordingly, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Klatt, JJ., concur.