OPINION
{¶ 1} Plaintiff-appellant, David G. Mulhollen, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Constance G. Angel and Angel Computer Service Company, Inc. ("ACS"). As a cross-appellant, Angel appeals from a judgment of the Franklin County Court of Common Pleas denying her motion to deem the averments in her counterclaim admitted as true and striking the counterclaim from the record. For the following reasons, we reverse in part and remand.
 {¶ 2} On December 31, 2002, Mulhollen, acting pro se, filed a "Complaint to Request a Hearing" in which he alleged that Angel hired him as an employee of ACS, but she did not provide him with the wages or employment benefits she promised. Mulhollen also alleged that he received a number of gifts from Angel, including two Sea-Doo watercraft and a trailer, that Angel retained when he left her employ. Mulhollen sought over $168,000 in damages, plus the return of the two Sea-Doo watercraft and the trailer. Defendants filed an answer denying all of Mulhollen's allegations and asserting affirmative defenses.
 {¶ 3} On March 20, 2003, defendants served upon Mulhollen requests for admission, which required Mulhollen to respond to the following statements:
1. Admit that you, David Mulhollen quit your long time job as operating engineer in Cleveland, Ohio voluntarily.
2. Admit that you received free room and board and all other living necessities during you [sic] stay at Defendants' residence.
3. Admit that you received compensation while you were living at Defendants' residence.
4. Admit that the any [sic] agreement reached between David Mulhollen and Defendants was meretricious.
5. Admit that there was no written or oral agreement between David Mulhollen and Defendants.
6. Admit that at no time did Constance Angel act with malice or in bad faith towards David Mulhollen.
7. Admit that at no time did Defendants make any promises to Plaintiff for wages or compensation.
8. Admit that Plaintiff has not been damaged by Defendants [sic] actions.
 {¶ 4} The requests for admission provided Mulhollen with 28 days after service to admit, deny, or object to the requests. Mulhollen's only timely response to the requests was to state "[q]uestions = [b]ring them to court" in a "Reply to Defendant's Answers of Compalaint [sic] and to Questions" he filed with the trial court.[1]
 {¶ 5} On May 19, 2003, defendants' counsel filed a motion to withdraw, explaining that defendants had discharged them. The trial court granted this motion.
 {¶ 6} New defendants' counsel entered the case on July 14, 2003. Among the first motions the new counsel filed was a motion seeking leave to file an amended answer pursuant to Civ.R. 15(A). The proposed amended answer attached to defendants' motion contained a number of affirmative defenses that were not in the original answer.
 {¶ 7} On August 21, 2003, the trial court granted defendants' motion to file an amended answer, reasoning that allowing defendants to assert additional affirmative defenses would not prejudice Mulhollen. Eight days later, defendants filed an amended answer that included all the affirmative defenses that were in the proposed amended answer. However, unlike the proposed amended answer, this pleading also included a counterclaim, which asserted claims against Mulhollen for declaratory judgment, breach of contract, replevin or conversion, and violations of the Ohio Consumer Sales Practices Act. Mulhollen never filed an answer to Angel's counterclaim.
 {¶ 8} On October 3, 2003, Angel filed a motion requesting that the trial court deem the averments contained in her counterclaim admitted as true. In this motion, Angel argued that because Mulhollen did not file an answer denying the averments, they were admitted pursuant to Civ.R. 8(D). The trial court disagreed. In its October 23, 2003 entry denying Angel's motion, the trial court ruled that Mulhollen was not obligated to respond to Angel's counterclaim because Angel had neither sought nor received leave to file a counterclaim. Rather, the trial court stated that, "[d]efendants requested and were further only granted leave to amend their Answer to include additional defenses." Therefore, the trial court denied Angel's motion and struck her counterclaim from the record.
 {¶ 9} On October 7, 2003, defendants filed a motion for summary judgment on all of Mulhollen's claims. In part, defendants argued that summary judgment was appropriate because Mulhollen had resolved all potential questions of fact in defendants' favor when he admitted to the matters contained in defendants' requests for admission by failing to respond to those requests. The trial court agreed with defendants' argument. In its November 20, 2003 entry, the trial court granted defendants' motion for summary judgment because Mulhollen had admitted sufficient facts to prevent his recovery and, further, because Mulhollen did not produce any evidence to the contrary to defeat the motion.
 {¶ 10} Mulhollen appealed from the trial court's November 20, 2003 judgment. Angel then cross-appealed from the trial court's October 23, 2003 judgment.
 {¶ 11} On appeal, Mulhollen assigns the following errors:
1. The trial court erred by not clearly stating if the cross appellees [SIC] objections to filing
The admissions were accepted, and if not the court should have ordered responses to the admissions.
2. The trial court erred by granting the summary judgement despite the trial date set and multiple entries from cross appellee proving just cause for the complaint.
 {¶ 12} In her cross-appeal, Angel assigns the following errors:
1. The trial court erred by ordering the cross-appellant's compulsory verified counterclaim striken from the record.
2. The trial court erred by denying the cross-appellant's motion to have averments in her counterclaim deemed admitted as true pursuant to Civ. R. 8(d).
 {¶ 13} We will address Mulhollen's appeal first. By his first assignment of error, Mulhollen argues that his failure to answer the requests for admission should not have resulted in the admissions that the trial court relied upon in granting summary judgment. We disagree.
 {¶ 14} Pursuant to Civ.R. 36(A):
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact * * *. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter * * *.
Thus, according to Civ.R. 36(A), the failure of a party to timely respond to requests for admission with an answer or objection constitutes a conclusive admission of the matter contained in the request. ClevelandTrust Co. v. Willis (1985), 20 Ohio St.3d 66, 67; Klesch v. Reid (1994),95 Ohio App.3d 664, 675. Further, a motion for summary judgment may be based on such admitted matter. Id.; American Standard Ins. Co. of Ohiov. Sealey, Franklin App. No. 03AP-1210, 2004-Ohio-4305, at ¶ 10.
 {¶ 15} In the case at bar, defendants served their requests for admission on Mulhollen on March 20, 2003, and provided him with 28 days to respond. Because defendants served the requests by mail, Mulhollen was entitled to the addition of three days to the original 28-day period, or 31 days total, to serve his responses upon defendants. See Civ.R. 6(D). Therefore, Mulhollen should have responded with answers or objections to the requests on April 21, 2003. Mulhollen did not do so. In fact, Mulhollen affirmatively refused to respond, telling defendants to bring their questions to court. Accordingly, the trial court properly determined that Mulhollen admitted the matters contained in the requests for admission and properly relied upon those admissions to grant defendants' motion for summary judgment.
 {¶ 16} Mulhollen, however, argues that he should not be held to his admissions because the trial court did not order him to respond to the requests for admission. Mulhollen maintains that he was confused regarding whether he was still required to respond to the requests after defendants retained new counsel, and that he expected the trial court to inform him whether his demand that defendants bring their questions to court was a sufficient response to the requests. We find these arguments unavailing. Pro se litigants such as Mulhollen "`are presumed to have knowledge of the law and legal procedures and * * * are held to the same standard as litigants who are represented by counsel.'" State ex rel.Fuller v. Mengel, 100 Ohio St.3d 352, 2003-Ohio-6448, at ¶ 10, quotingSabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651,654. Thus, Mulhollen was responsible for acting in accordance with Civ.R. 36, and he could not rely upon the trial court to inform him if and how he should respond to the requests. Further, Mulhollen cannot now escape the consequences of failing to follow the dictates of Civ.R. 36 by blaming his own ignorance and confusion.
 {¶ 17} Accordingly, we overrule Mulhollen's first assignment of error.
 {¶ 18} By Mulhollen's second assignment of error, he argues that the trial court erred in granting defendants' motion for summary judgment.
 {¶ 19} Appellate review of summary judgment motions is de novo. Heltonv. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 20} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of stating the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. Id.; Vahilav. Hall (1997), 77 Ohio St.3d 421, 429. Rather, the moving party must affirmatively demonstrate by evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support the nonmoving party's claims.Dresher at 293.
 {¶ 21} In the case at bar, Mulhollen asserted two claims: (1) breach of his employment contract, for which he sought damages for the wages and benefits he allegedly did not receive, and (2) replevin, for which he sought the return of the two Sea-Doo watercraft and trailer that Angel had allegedly given him. Because defendants sought summary judgment on the basis that Mulhollen could not prove these claims at trial, it was defendants' initial burden to present Civ.R. 56(C) evidence that affirmatively demonstrated the absence of evidence supporting each of Mulhollen's claims.
 {¶ 22} In order to recover upon a breach of contract claim, a plaintiff must prove "`the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'"Powell v. Grant Med. Ctr., 148 Ohio App.3d 1, 2002-Ohio-443, at ¶ 27, quoting Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 483. To support their argument that Mulhollen could not prove his breach of contract claim, defendants offered Mulhollen's admissions to the matters contained in the requests for admission. By not answering the requests for admission, Mulhollen admitted that no agreement ever existed between him and defendants, that defendants never made any promise that he would receive compensation and that defendants' actions did not damage him. Given these admissions, Mulhollen cannot prove the first and last elements of his breach of contract claim. Therefore, we conclude that the trial court properly granted summary judgment in defendants' favor on this claim.
 {¶ 23} In order to recover the possession of specific property pursuant to a replevin claim, a plaintiff must prove that he is entitled to the possession of the property and that, at the time the replevin action was filed, the defendant had actual or constructive possession and control of the property. Tewarson v. Simon (2001), 141 Ohio App.3d 103,117. Defendants offered only Mulhollen's admissions to prove that Mulhollen could not establish his replevin claim. However, nothing in Mulhollen's admissions demonstrates that there is an absence of genuine issues of fact regarding whether Mulhollen is entitled to the possession of the two Sea-Doo watercraft and trailer or whether defendants had actual or constructive possession of those items when Mulhollen filed his action. Therefore, we conclude that summary judgment on Mulhollen's replevin claim was improper.
 {¶ 24} Accordingly, we sustain Mulhollen's second assignment of error, but only to the extent that it relates to his replevin claim.
 {¶ 25} We next turn to Angel's cross-appeal. By her first assignment of error, Angel argues that the trial court erred in striking her counterclaim. We disagree.
 {¶ 26} A trial court exercises broad discretion in settling procedural matters. Nyamusevya v. Med. Mut. of Ohio, Franklin App. No. 02AP-769, 2003-Ohio-3335, at ¶ 36. Thus, such decisions will not be reversed upon appeal absent an abuse of that discretion. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. {¶ 27} Generally, a counterclaim, whether compulsory or permissive, must be filed in an answer. However, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Civ.R. 13(F).[2] Thus, pursuant to Civ.R. 13(F), a party cannot assert an omitted counterclaim without first seeking and receiving leave of court to file that counterclaim in an amended answer. McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 203, Section 8.08 ("The procedure for asserting an omitted counterclaim pursuant to Civil Rule 13(F) is for defendant to submit a motion requesting that the court permit him to amend his answer to assert the counterclaim."). If a party files a counterclaim without the trial court's authorization, the trial court may, in its discretion, strike that counterclaim. Moots, Cope and Stantonv. Triplett (Dec. 14, 1999), Franklin App. No. 99AP-333; cf. Talcott v.Sheffield-Sheffield Lake Bd. of Edn. (Nov. 20, 1986), Cuyahoga App. No. 51372 (the trial court had the discretion to strike an unauthorized cross-claim).
 {¶ 28} In the case at bar, Angel did not seek or receive leave of court to file her omitted counterclaim. Rather, she only sought and received leave to amend her answer to include additional affirmative defenses pursuant to Civ.R. 15(A). Therefore, the trial court was acting within its discretion when it struck Angel's counterclaim.
 {¶ 29} Angel, however, argues that because her counterclaim is compulsory in nature, the trial court abused its discretion in striking it. To support this proposition, Angel relies upon Strip v. Martin (June 24, 1982), Franklin App. No. 81AP-901, in which we held that the trial court erred by not ruling upon the defendants' motion to file a counterclaim before granting summary judgment on all claims to the plaintiff. We also opined that "[i]f the counterclaim is compulsory, it would appear an abuse of discretion not to permit it to be filed, as it could not be pursued in a separate action." Id. Although Angel correctly quotes the Strip decision, that decision is inapplicable to the case at hand. Our holding in Strip turned upon the trial court's failure to address a motion to assert a counterclaim. Unlike the defendants inStrip, Angel never filed a motion for leave to file a counterclaim. Even if Angel's counterclaim is compulsory, Civ.R. 13(F) prohibited her from pleading it without first receiving leave of court, and thus, the trial court did not abuse its discretion in striking her counterclaim.
 {¶ 30} Next, Angel argues that the trial court actually did grant Angel leave to file her multi-count counterclaim because two of the "affirmative defenses" Angel included in the proposed amended answer are arguably counterclaims. Again, we disagree. As the trial court itself stated in its October 23, 2003 judgment, it granted Angel only what she requested in her motion: the ability to file additional affirmative defenses as set forth in her proposed amended answer. Whether the affirmative defenses in question are true affirmative defenses does not extend the scope of the trial court's authorization.
 {¶ 31} Accordingly, we overrule Angel's first assignment of error.
 {¶ 32} Because we have determined that the trial court did not abuse its discretion in striking Angel's counterclaim, Angel's second assignment of error — that the trial court erred in denying her motion to have the averments in the counterclaim admitted as true — is moot.
 {¶ 33} For the foregoing reasons, we overrule Mulhollen's first assignment of error and sustain Mulhollen's second assignment of error, but only to the extent that it relates to his replevin claim. We reverse the Franklin County Court of Common Pleas' judgment of November 20, 2003, and remand this cause to that court for further proceedings in accordance with law and this opinion. With regard to Angel's cross-appeal, we overrule both of her assignments of error; the second because it is moot. We affirm the Franklin County Court of Common Pleas' judgment of October 23, 2003.
Judgment striking counterclaim affirmed; Judgment granting summaryjudgment reversed in part, and cause remanded.
Petree and Sadler, JJ., concur.
[1] Over eight months after they were served upon him, Mulhollen finally responded to the requests for admission. He included his answers in his notice of appeal.
[2] We also recognize that, with leave of court, a party may present in a supplemental pleading a counterclaim that matured or was acquired after the party served his initial pleading. Civ.R. 13(E).