DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, William Hicks and Dia Thomas, appeal the judgment of the Barberton Municipal Court that denied their petition for replevin of personal property seized by the Barberton Police Department. We affirm.
 {¶ 2} On July 24, 2007, Barberton Police seized a computer and related audio-visual equipment allegedly owned by Mr. Hicks in connection with a criminal investigation and pursuant to a search warrant issued by the Barberton Municipal Court. Ms. Thomas also alleged an ownership interest in the property because Mr. Hicks is her "live-in boyfriend." While the investigation was ongoing, Hicks and Thomas filed a complaint for replevin of the computer. No criminal charges were pending against either Hicks or Thomas at the time. On October 19, 2007, the Barberton Municipal Court heard arguments on the matter, and on October 31, 2007, denied Hicks' and Thomas's request. They timely appealed, and their three assignments of error are consolidated for ease of disposition. *Page 2 
 ASSIGNMENT OF ERROR I "The trial court's decision was against the manifest weight of the evidence and contrary to law when the trial court declared that there was sufficient evidence to support probable cause to issue the search warrant, meriting reversal[.]"
 ASSIGNMENT OF ERROR II "Appellants['] Fourth Amendment rights to be free of warrantless searches and seizures were violated when the trial court issued the July 24, 2007, search warrant that was based upon information contained in an [sic] warrant affidavit that was knowingly false or recklessly disregarded, meriting reversal."
 ASSIGNMENT OF ERROR III "Appellants['] due process rights under the Ohio and U.S. Constitutions were violated in that an evidentiary hearing was not held after the appellants showed that the warrant affidavit contained information that was knowingly or recklessly included in the affidavit when the investigator knew or should have know[n] was inaccurate, meriting reversal."
 {¶ 3} Hicks' and Thomas's three assignments of error argue that the trial court erred by denying replevin of the personal property seized by the Barberton Police Department. We disagree.
 {¶ 4} A writ of replevin issues when the petitioner demonstrates a legal right of immediate possession of specific property that is held wrongfully or unlawfully by another. State ex rel. Jividen v. ToledoPolice Dept. (1996), 112 Ohio App.3d 458, 459, citing Auto. Fin. Co. v.Munday (1940), 137 Ohio St. 504, 521. Replevin may provide a remedy when property has been seized by law enforcement officers and retained after the conclusion of criminal proceedings. See id. See, also, Spurlock v.Thomas (Dec. 2, 1992), 9th Dist. No. 92CA005341, at *2. It may also provide a remedy when property that is not described by a search warrant is seized nonetheless. See, e.g., State ex rel. Luke v. Corrigan (1980),61 Ohio St.2d 86. This case presents a different situation. *Page 3 
 {¶ 5} The personal property that is the subject of this replevin action was seized pursuant to a search warrant and retained by the Barberton Police Department for analysis as part of a criminal investigation. At the time that Hicks and Thomas petitioned for the writ, criminal charges had not yet been filed and the investigation remained open. Accordingly, the property was properly retained by the Barberton Police pursuant to R.C. 2981.11(A)(1), which provides that property seized pursuant to a search warrant "shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose[.]" While the computer was "needed as evidence" as part of the ongoing criminal investigation, the Barberton Police Department rightfully held possession and it was not subject to replevin. See 501(C) Charity Consultants, Inc. v. Alexander, 9th Dist. No. 20881, 2002-Ohio-3732, at ¶ 7-8.
 {¶ 6} Hicks' and Thomas's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 4 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellants.
WHITMORE, J. CONCURS
MOORE, P. J.
 CONCURS IN JUDGMENT ONLY *Page 1