[Cite as *Glass v. Delaware Cty. Sheriff's Office*, 2024-Ohio-1301.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| TIMOTHY M. GLASS, et al. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| DELAWARE COUNTY SHERIFF'S OFFICE | Case No. 23 CAE 12 0106 |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  23 CV H 10 0797


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     April 4, 2024


APPEARANCES:

For Plaintiffs-Appellants

TIMOTHY M. GLASS
PRO SE
3639 Linwood Avenue
Columbus, Ohio  43207

For Defendant-Appellee

MELISSA A. SCHIFFEL
DELAWARE COUNTY PROSECUTOR
KATHERYN L. MUNGER
ASSISTANT PROSECUTOR
145 North Union Street, 3rd Floor
Delaware, Ohio  43015

*Wise, J.*

{¶1}   Appellant, Timothy M. Glass, appeals the judgment of the Court of Common Pleas, Delaware County, Ohio that dismissed his complaint for replevin for personal property seized by the Delaware County Sheriff's Department. For the reasons that follow, we affirm the decision of the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On October 17, 2023, Appellant Timothy M. Glass filed a complaint for replevin pursuant to R.C. 2737.[1]  The complaint alleged that the Delaware County Sheriff's Department illegally seized certain personal property belonging to Glass – three cell phones, Ryobi flashlight, silver knife in canvas sleeve, glass shard, plastic spray can lid and dirty white colored shirt.  Attached to his complaint was a notarized verification signed by appellant, a copy of a warrant to search signed by a judge of the Delaware Municipal Court on August 30, 2023, and a property inventory filed under Case Number 2023 10025800 listing property seized out of a 2007 Chrysler Town and Country minivan located at the Sheriff's Office Impound Lot.  Also attached to the complaint was an affidavit signed by appellant demanding return of the personal property, its purported value and allegations that the warrant was illegally obtained based on investigations of crimes including theft, burglary, criminal mischief and criminal trespass. Appellant also requested the return of some moneys not specifically enumerated and a "cease and desist" order preventing the seizure of his Google accounts.

---

[1] Appellant filed his complaint pro se and named his wife, Lisa Glass, as a plaintiff in the complaint.  As noted by the trial court, Lisa Glass did not sign the complaint or verify its authenticity.

**{¶3}**   On October 31, 2023, the Delaware County Prosecuting Attorney, on behalf of the Delaware County Sheriff's Department, filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.  In the motion, the prosecutor argued, *inter alia,* that the Sheriff's Department is not the proper party and that R.C. 2981.11 authorizes law enforcement agencies to hold evidence obtained pursuant to a lawful search warrant while a criminal investigation is pending.

**{¶4}**   Appellant replied to the Motion to Dismiss conceding that law enforcement may hold property lawfully seized for a criminal investigation, but again claiming that the personal property was seized illegally and therefore he was entitled to immediate possession.

**{¶5}**   On December 4, 2023, the trial court granted the Sheriff Department's motion to dismiss for failure to state a claim upon which relief can be granted.

**{¶6}**   The trial court found that R.C. 2981.11(A)(1) allows a law enforcement agency to possess and retain custody of property lawfully seized pursuant to a search warrant as part of a criminal investigation. Citing *Hicks v. Barberton Police,* 9th Dist., Summit No. 23976, 2008-Ohio-2958, the trial court held appellant was not arguing that the criminal investigation was concluded but rather that his personal property was seized illegally in the first place. The property was not subject to replevin while the criminal investigation was pending. The trial court said:  "But whether the property was lawfully seized is a premature question that is not yet ripe.  The issue must be raised in the context of a motion to suppress filed in the criminal proceeding for which the property was seized." Judgment Entry at 3.

**{¶7}** On December 26, 2023, appellant filed this appeal citing one assignment of error:

## ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING A MOTION TO DISMISS OF APPELLANT'S REPLEVIN ACTION BY RULING THAT A REPLEVIN ACTION UNDER O.R.C. 2737 CAN ONLY BE FILED AFTER A CRIMINAL PROCEEDING HAS CONCLUDED."

## LAW AND ANALYSIS

### *Standard of Review*

**{¶8}** In reviewing a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, a court's inquiry is limited to the content of the complaint, items appearing in the record, and exhibits attached to the complaint. In evaluating a motion to dismiss under Civ.R. 12(B)(6), the court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. This Court, then, must undertake an independent analysis without deference to the trial court's decision. To prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court granting relief. *Jenkins v. City of Cleveland,* 8th Dist., Cuyahoga No. 104768, 2017-Ohio-1054, ¶ 8; *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (In deciding a Rule 12(B)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint.).

*The Complaint for Replevin*

**{¶9}** Appellant's complaint for replevin requests the immediate return of personal property seized after a search warrant. The issue, then, before this Court is whether appellant is entitled to return of personal property under R.C. Ch. 2737 [replevin] when the property is seized under a search warrant presumptively valid on its face which alleges a criminal investigation is ongoing.

**{¶10}** We hold that appellant's complaint in replevin does not state a claim for relief where appellant concedes the property was seized under a search warrant obtained during a criminal investigation. Our decision is founded on statutory authority, case law and criminal rules.

**{¶11}** R.C. 2981.11 [safekeeping of property in custody] states:

Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.

**{¶12}** Crim.R. 41(D) [Execution and return of the search warrant] states in part:

(1) *Search Warrant.* The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken, or shall leave the copy and receipt at the place from which the property was taken ... Property seized under a

warrant shall be kept for use as evidence by the court which issued the warrant or by the law enforcement agency which executed the warrant.

{¶13}  In *Hicks v. City of Barberton, supra,* the City seized a computer and related equipment pursuant to a search warrant in connection with a criminal investigation.  While the investigation was ongoing, Hicks and his girlfriend filed a complaint for replevin demanding return of the computer.  Like the appellant in this case, no criminal charges were pending at the time the complaint was filed.  The trial court denied the complaint for replevin and Hicks appealed arguing, *inter alia,* that his Fourth Amendment rights were violated because the search warrant was false or reckless.  The Ninth District Court of Appeals overruled the assignments of error and affirmed the decision of the trial court.  Relying on R.C. 2981.11(A)(1), the appeals court said:  "While the computer was 'needed as evidence' as part of the ongoing criminal investigation, the Barberton Police Department rightfully held possession and it was not subject to replevin." *Id.* at ¶ 5. *Accord, Ohio Op. Atty. Gen. No. 91-021*, 1991 WL 576700*,* Syllabus 5 ("Pursuant to R.C. 2933.26 and R.C. 2933.37, property seized by warrant shall be kept as evidence until the accused is tried or the claimant's right to the property is otherwise ascertained by the court that issued the warrant.")

{¶14} This Court has held that an action in replevin is a viable remedy when a person entitled to repossession is entitled to recovery from a person who wrongfully detains personal property.  The plaintiff in a replevin action is required to "prove that he is entitled to possession of the property and that, at the time the [suit] was filed, the defendant had actual or constructive possession and control of [it]*." Fields v. Zanesville*

*Police Dept.,* 5th Dist., Muskingum No. CT2023-0021, 2023-Ohio-2988, ¶ 27 citing

*Mulhollen v. Angel, 10th* Dist., Franklin No. 03AP-1218, 2005-Ohio-578.

**{¶15}** Appellant is not entitled to immediate possession of the property while the criminal investigation is ongoing. "When the police seized appellant's property, they effectively became bailees of the property and remain as such unless and until [appellant] commence[s] a forfeiture proceeding ..." *State v. Young,* 5th Dist., Richland No. CA-2810, 1991 WL 87203 (May 3, 1991).

**{¶16}** A replevin action enforces a legal right of immediate possession of specific property which is granted to one who has a right to the immediate possession against another who is holding the property wrongfully or unlawfully. *State ex re Jividen v. Toledo Police Dept.,* 112 Ohio App.3d 458, 459, 679 N.E.2d 34 (6th Dist., 1996).

**{¶17}** Appellant concedes that a law enforcement agency is entitled to hold property that is seized under a search warrant while a criminal investigation is pending. But he argues that his personal property was illegally seized under an improper search warrant. Appellant's argument is misplaced. A replevin action is not designed to attack the illegality of a search warrant. A search warrant and supporting affidavits enjoy a presumption of validity. *State v. Taylor,* 5th Dist., Richland No. 2022CA0007, 2023-Ohio-4160, 228 N.E.3d 1262, ¶ 40 citing *Franks v. Delaware,* 438 U.S. 154 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To overcome the presumption of validity of a search warrant, a defendant must file a motion to suppress alleging that the affidavits used to obtain it are false or misleading or overbroad under the Fourth Amendment.

**{¶18}** A replevin action contains two elements. One, the complainant is the owner of the seized personal property and two, he or she is entitled to immediate possession.

The owner of property is not entitled to immediate possession of the property if it has been seized by law enforcement through a search warrant during a criminal investigation.

{¶19} Appellant makes one more argument.  What if no criminal charges are filed by law enforcement requiring a motion to suppress. In other words, appellant argues there may not be an unlawful taking by law enforcement but there may be an unlawful detention.

{¶20} It may be that appellant is entitled to enforce a replevin action or a motion to return property at a later time.  Again, an opinion from the Office of the Ohio Attorney General is instructive in that regard. 1991 Ohio Op. Atty Gen. No 91-021, 1991 WL 576700, Syllabus 3 ("Pursuant to R. C. 2933.41(B),[2] a law enforcement agency that has in its custody property kept for evidence must make reasonable efforts to return the property to the persons entitled to its possession at the earliest possible time that it is no longer needed as evidence, provided that the persons entitled to possession have not lost the right to the possession of the property under R. C. 2933.41(C) or other statutory provision that operates as a forfeiture.

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.
Gwin, P. J., and
King, J., concur.

JWW/kt 0402

---

[2] R.C.2933.41 repealed and replaced by R.C. 2981.11.