[Cite as *State v. Sancho*, 2025-Ohio-4717.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25CA000004 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Guernsey County Court of Common Pleas, Case No. 24CR000143 |
| WILLIAM SANCHO | Judgment: Vacated |
| Defendant – Appellant | Date of Judgment Entry: October 14, 2025 |

**BEFORE:** CRAIG R. BALDWIN, P.J.; ANDREW J. KING, J.; KEVIN W. POPHAM, J., Judges

**APPEARANCES:** MARK PERLAKY for Plaintiff-Appellee; MICHAEL GROH for Defendant-Appellant

OPINION

*Popham, J.*

{¶1}  Appellant William Sancho appeals the judgment of the Guernsey County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}  As a result of an incident that occurred in June of 2024, on August 27, 2024, appellant was indicted on one count of tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree.  The indictment did not contain a forfeiture specification or mention a cell phone.  Likewise, the bill of particulars filed on September 19, 2024, did not mention either forfeiture or a cell phone.  On November 12,

2024, appellant pled guilty to the charge. The cell phone was not mentioned at either the plea hearing or in any of the plea documents appellant signed. The trial court did not mention forfeiture of the cell phone in its judgment entry dated November 13, 2024, finding appellant's plea to be knowing, intelligent, and voluntary, and finding appellant guilty.

{¶3} On January 9, 2025, the trial court held a sentencing hearing, at which time the court sentenced appellant to community control. At the hearing, the only mention of a cell phone was the prosecutor's statement that this was a "situation where he [appellant] basically deleted apps from his phone, deleted information that would have led officers to find that he had violated – violated his bail." No forfeiture of the cell phone was ordered either at the sentencing hearing or in the sentencing judgment entry filed on January 10, 2025.

{¶4} On January 10, 2025, appellant filed a "Motion to Release Personal Property," seeking an order directing law enforcement to release the "red iPhone in a black case." On January 22, 2025, appellee filed a response stating, "after consultation with the Byesville Police Department, the state objects to the return of the cell phone" because the cell phone "was used by [appellant] to commit the offense" and if the cell phone was returned to appellant it would be "providing him with the tool he used to commit the offense." On January 22, 2025, appellant filed a reply. Appellant did not dispute that the cell phone was an "instrumentality" used in the commission of the offense; however, appellant argued that the cell phone was not part of any forfeiture set forth in the indictment, was not contained in the negotiated plea, and was not properly forfeited pursuant to Chapter 2981 of the Ohio Revised Code.

{¶5} On January 28, 2025, the trial court issued a judgment entry stating, "the Court notes that there is no specification for forfeiture in the indictment, and a careful review of the Court's docket provides that there has been no civil action for forfeiture." The trial court reviewed the definition of "instrumentality" pursuant to R.C. 2981.01(B)(6) and found the cell phone was an instrumentality used in the commission of the offense. The trial court then cited R.C. 2981.13(A) and ordered, "the State of Ohio, through law enforcement, to dispose of the mobile instrumentality used in this matter."

{¶6} On February 5, 2025, appellant filed a motion for a stay of the forfeiture order and sought a declaration that the court's January 28, 2025, judgment entry is a final appealable order. Appellant specifically requested the court order the Byesville Police Department to hold the cell phone and not destroy it. On February 6, 2025, the trial court granted appellant's motion, finding the January 28, 2025, judgment entry is a final appealable order and staying the forfeiture order. Appellant also filed a motion to stay execution of sentence pending appeal. The trial court granted the motion.

{¶7} Appellant appeals the judgment entries of the Guernsey County Court of Common Pleas, and assigns the following as error:

{¶8} "I. THE TRIAL COURT ERRED IN ORDERING THE CRIMINAL FORFEITURE OF APPELLANT'S CELL PHONE AND CASE AS THE TRIAL COURT LACKED THE STATUTORY AUTHORITY TO ORDER THEIR FORFEITURE."

I.

*Standard of Review*

{¶9} Pursuant to R.C. 2941.1417(B), the trier of fact determines whether property is subject to forfeiture. A defendant has a statutory right to a trial by jury in both criminal

and civil forfeiture actions. R.C. 2981.08(A) and (B). Generally, this Court defers to the trier of fact's factual findings regarding forfeiture so long as those factual findings are supported by competent and credible evidence. *State v. Andrews*, 2024-Ohio-4767, ¶ 31 (5th Dist.).

{¶10} However, in this case, appellant argues the trial court's forfeiture order is contrary to law. "Where the argument addresses an issue of law, such as whether the judgment is contrary to law or the trial court made an error of law, this Court reviews that decision de novo, or without deference to the trial court's decision." *State v. Jones*, 2025-Ohio-3011, ¶ 19 (5th Dist.), quoting *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.*, 2017-Ohio-1443, ¶ 12 (8th Dist.). We undertake a de novo review.

*Mootness*

{¶11} Appellee does not dispute that, when the State does not comply with the statutory requirements contained in Chapter 2981 of the Revised Code, forfeiture is improper. Rather, appellee argues this appeal is moot because the cell phone at issue was inadvertently destroyed by the Byesville Police Department on February 5, 2025, and since the police department no longer possesses the cell phone the relief requested cannot be afforded.

{¶12} Mootness is a jurisdictional question because courts are tasked with deciding adversarial legal cases and issuing judgments that can be carried into effect. *Cyran v. Cyran*, 2018-Ohio-24 ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). Under the mootness doctrine, courts will not decide cases in which there is no longer an actual legal controversy between the parties. *In re A.G.*, 2014-Ohio-2597, ¶ 37.

**{¶13}** As the Supreme Court of Ohio has noted, "an event that causes a case to be moot may be proved by extrinsic evidence outside the record." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000), quoting *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992). "A case is moot when there is no longer a matter in controversy or the parties have no legally cognizable interest in the outcome." *State v. Marcellino*, 2019-Ohio-3329, ¶ 7 (11th Dist.).

**{¶14}** This Court has held that in order to reclaim possession of property retained by law enforcement after the conclusion of a criminal proceeding a defendant must file a civil action in replevin, or, in the alternative, a conversion action. *Fields v. Cottrill*, 2020-Ohio-5163, ¶ 6 (5th Dist.); *State v. Young*, 1991 WL 87203, *1 (5th Dist.) ("to reclaim possession of his property" after time for appeal of judgment of conviction and sentence lapsed, "appellant's proper remedy was to file an action in replevin"); see also *State ex rel. Johnson v. Kral*, 2018-Ohio-2382, ¶ 5 ("proper action to reclaim possession of property based on unlawful seizure or detention is an action for replevin"); *Hicks v. Barberton Police*, 2008-Ohio-2958, ¶ 4-5 (9th Dist.); *Weiler v. Dept. of Liquor Control*, 1994 WL 232248 (10th Dist.) (conversion action appropriate when State destroyed wrongfully withheld property).

**{¶15}** Accordingly, appellant's remedy lies in the filing of a civil action for replevin or, in the alternative, conversion, against the person or entity in actual or constructive possession of the cell phone. A plaintiff in a replevin case is required to prove he or she is entitled to possession of the property and that, at the time the suit was filed, the defendant had actual or constructive (knowingly exercising dominion or control over an object, even though that object may not be within his immediate physical possession)

possession of the property.  see *Glass v. Delaware Cty. Sheriff's Office,* 2024-Ohio-1301, (5th Dist.).

**{¶16}** In a conversion case, a plaintiff must prove (1) plaintiff's ownership or right to possession (either actual or constructive) of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages.  *Francisco A. Mateo, MD, Inc. v. Proia*, 2023-Ohio-3908, ¶ 68 (7th Dist.).

**{¶17}** Courts have consistently held that, where a trial court orders property forfeited in an underlying criminal case, a defendant cannot challenge these orders in replevin or conversion actions filed after the time for a direct appeal has expired.  Rather, any arguments concerning compliance with the statutory forfeiture requirements are res judicata because those arguments could have been brought in the direct appeal from the forfeiture order/sentencing entry in the underlying criminal case.  *State v. Bennett*, 2013-Ohio-4453 (5th Dist.) (appeal of denial of appellant's motion to return property barred under doctrine of res judicata because appellant could have raised arguments in his direct appeal from conviction/forfeiture order); *State v. Young,* 1991 WL 87203, *1 (5th Dist.) ("after the judgment of conviction and sentence was entered … and the time for appeal lapsed, the trial court no longer had jurisdiction to hear appellant's motion"); *Taylor v. Toledo Ohio Police Dept.*, 2001 WL 305845 (6th Dist.) (appellant in replevin case could not argue trial court did not give him proper notice of the forfeiture; he had to bring a timely appeal from the forfeiture order; *Whittington v. Chase #(1)*, 2011-Ohio-2288 (8th Dist.) (appellant could not argue in action for conversion/replevin that trial court lacked statutory authority to issue an order of forfeiture; argument is barred by res judicata; appellant

should have raised argument in direct appeal of forfeiture order); *State v. Goins*, 2005-Ohio-828 (12th Dist.) (appellant's argument that State did not follow statutory procedures in issuing forfeiture was res judicata in replevin action because appellant did not appeal forfeiture order in criminal case); *Cline v. Urbana Police Dept.*, 2010-Ohio-5384, ¶9 (2nd Dist.) (replevin action barred by res judicata; "clearly, the proper vehicle for challenging … any alleged problems concerning the forfeiture would be a direct appeal"; appellant should have directly appealed trial court's confiscation order, and may not collaterally attack that order in a replevin action).

**{¶18}** In this case, the statute of limitations for appellant to bring a replevin or conversion action has not yet run. While the police department may not have actual possession of the cell phone due to the cell phone's destruction, both replevin and conversion actions can be initiated when another has constructive possession of an item sought to be returned. Additionally, appellant moved to stay both the trial court's forfeiture order and to stay execution of his sentence pending appeal. The trial court granted both motions. Issues regarding whether the State complied with the forfeiture statutes are res judicata in replevin/conversion cases if they are not challenged in the underlying criminal case. For these reasons, appellant has a substantial interest in this appeal, this Court has subject matter jurisdiction to decide the issues, and the appeal is not moot.

*Statutory Compliance with Forfeiture Statutes*

**{¶19}** Forfeiture of seized property may be pursued by the State, "in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both." *State v. North*, 2012-Ohio-5200, ¶ 8 (1st Dist.). In a criminal proceeding, the State can initiate a forfeiture either by: (1) including a forfeiture specification in the indictment or (2) giving

the defendant prompt notice pursuant to Criminal Rule 7(E) that the property is subject to forfeiture. *State v. White*, 2024-Ohio-5916 (8th Dist.). In this case, the indictment does not contain a forfeiture specification, and the State never gave "prompt notice" that the cell phone was subject to forfeiture pursuant to Criminal Rule 7(E). Thus, criminal forfeiture is precluded.

{¶20} In a civil proceeding, the State must "commence a civil forfeiture action … by filing …  a complaint requesting an order that forfeits the property to the state …" and, at the time the complaint is filed, "shall give notice of the commencement of the civil action, together with a copy of the complaint, to each person who is reasonably known to have any interest in the property …". R.C. 2981.05(A), R.C. 2981.05(F). The trial court must also determine whether the State has proved, by clear and convincing evidence, that the property is subject to forfeiture. R.C. 2981.05(H). In this case, the State did not file a civil forfeiture complaint, did not provide the required notice, and the trial court did not determine that the State proved, by clear and convincing evidence, that the cell phone is subject to forfeiture.

{¶21} The record before us shows that the plea agreement did not include any provision about forfeiting the cell phone; the cell phone was not mentioned at the plea hearing or during the plea colloquy; the cell phone was not mentioned in the trial court's November 13, 2024, entry accepting appellant's plea; forfeiture of the cell phone was not raised at the sentencing hearing; and the trial court's January 10, 2025, sentencing judgment entry did not mention forfeiture of the cell phone. Further, at no time did the State file either a criminal or civil petition for forfeiture with respect to the cell phone. This Court has often noted that, "forfeitures are not favored in law or equity" and the statutory

forfeiture provisions "must be strictly construed." *State v. Woods*, 2013-Ohio-1136, ¶ 44 (5th Dist.). "Where the statutory requirements for forfeiture have not been met, we have no choice but to reverse the decision …". *Id.*

**{¶22}** The trial court's order of forfeiture/destruction was inconsistent with the statutory requirements contained in Chapter 2981 of the Ohio Revised Code. There is nothing in the record to demonstrate that the State attempted to comply with any of the statutory forfeiture requirements. Because the statutory requirements contained in Chapter 2981 of the Revised Code were not met, the trial court improperly found the cell phone was subject to forfeiture and erred when it ordered its destruction pursuant to the forfeiture statutes. *State v. Haymond*, 2009-Ohio-6817 (5th Dist.); *State v. Bolton*, 2017-Ohio-7263 (2nd Dist.); *State v. Bolen*, 2016-Ohio-7821 (3rd Dist.); *State v. Brimacombe*, 2011-Ohio-5032 (6th Dist.).

**{¶23}** Based on the foregoing, appellant's assignment of error is sustained. The portion of the judgment of the Guernsey County Court of Common Pleas ordering the forfeiture and destruction of the cell phone is vacated.

For the reasons stated in our accompanying Opinion, the portion of the judgment of the Guernsey County Court of Common Pleas ordering the forfeiture and destruction of the cell phone is vacated.  Costs waived.

By: Popham, J.

Baldwin, P.J. and

King, J. concur